**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROXANE TOWNER,**

      **Plaintiff,**

**v.**                                                         **Case No.  8:11-cv-2258-T-30TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.  Because the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards, I recommend that it be reversed and remanded for further proceedings.

A.

Plaintiff was forty-nine years old at the time of her administrative hearing in November 2010.  She stands 5 feet 3 inches tall and weighed 139 pounds according to her administrative filings.  Plaintiff has a college degree and two graduate degrees.  Her past relevant work was as an officer in the military.  Plaintiff applied for disability benefits in September 2008, alleging disability as of May 16, 2008, by reason of ruptured discs, a pinched nerve, migraines, bilateral carpal tunnel syndrome, incontinence, tennis elbow, and a

torn tendon in the right shoulder.  Plaintiff's application was denied originally and on reconsideration.

The Plaintiff next received a *de novo* hearing before an Administrative Law Judge ("ALJ") on November 1, 2010.  The Plaintiff was represented at the hearing by counsel and testified in her own behalf.  Additionally, a vocational expert was called by the ALJ.

Plaintiff, a former colonel in the United States Air Force, testified that she was medically discharged in July 2008 due to a herniated disc in her low back.  She received an 80% disability rating based upon her low back pain.  Subsequently, the Veterans Administration ("VA") gave her a 100% disability rating as of July 2008.  Since discharge, her condition has worsened due to increased pain.  She had surgery on her back in 2005.  Thereafter, she maintained well until her pain got worse in July 2007.  Plaintiff had shots in her low back, which provided some relief for a few months.  She is also on a pain management regimen.  The medications she takes affect her concentration, cause her to feel lightheaded and dizzy, and make it difficult to put her thoughts together.  She has had migraine headaches since 1991.  They have increased since going on her pain regimen.  She has three to five migraines a month.  Even with her medication, the migraines render her out of commission for a day.

Her pain causes difficulty with things like drying her hair and dressing, and she has to sit in a chair to shave her legs and dress.  She has days when she does not get dressed, and she only dresses up when necessary.  She has help grocery shopping.  Her most comfortable position is lying down with her head propped up.  She stays like that six to eight hours a day.  She can sit or stand for only fifteen to twenty minutes.  She is unable to lift more than five

pounds. She has had to rely on her children to help her with dressing and driving. She drives short distances, but after five to ten minutes she has pain and her leg starts to go numb. She also has pain in her shoulders when she drives. (R. 16-27).

The ALJ next took testimony from Teresa Manning, a vocational expert ("VE"). Initially, because military positions are not included in the Dictionary of Occupational Titles ("DOT"), the VE classified Plaintiff's past work as an officer according to the various job tasks she performed. According to the VE, Plaintiff's past military job tasks were closest to civilian work as an administrative assistant, which is skilled, sedentary exertional work, and a human resource administrator, which is skilled, light exertional work. On a hypothetical assuming a person of Plaintiff's age, education, and work experience capable of "sedentary light" work with an occasional limitation for bending, stooping, crouching, and kneeling, but capable of routine tasks in an air-conditioned environment with a sit/stand option and no repetitive lifting above shoulder height, the VE opined that the individual could perform civilian jobs as an administrative assistant and a human resource administrator. The VE opined further that such person could also perform light work as a general office clerk, teacher's aide, and unit clerk and sedentary work as a receptionist, referral clerk, and circulation clerk. Assuming such individual had a moderate limitation in attention and concentration, the VE opined that the semi-skilled jobs identified above would still be available but the skilled work would be eliminated. Even with limitations for no sitting or standing for more than thirty minutes and no lifting more than five pounds, the sedentary jobs identified would still be available. If such person needed rest periods as needed throughout the day, the VE indicated no work would be available. (R. 28-34).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed herein as necessary.

By his decision of January 25, 2011, the ALJ determined that while Plaintiff has severe impairments related to right shoulder tendinitis, cervical and lumbar degenerative disc disease, and migraine headaches, she nonetheless had the residual functional capacity to perform a restricted range of sedentary to light exertional work. Upon this finding and testimony of the VE, the ALJ concluded that Plaintiff could perform her past work as an administrative assistant and a human resource administrator, as well as other jobs available to her in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 40-52). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

B.

Entitlement to Social Security disability benefits requires the claimant establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would

accept as adequate to support a conclusion." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quotations omitted). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citations omitted).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Dyer v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

C.

The Plaintiff raises three claims on this appeal. As urged by the Plaintiff: (1) the ALJ improperly discounted the VA Disability Determination that found claimant 100% disabled; (2) the ALJ erred by not giving controlling weight to the opinions of the treating

5

physician, Dr. Karen Clark; and (3) the ALJ erred by not completing a function by function analysis of how her migraine headaches impacted her RFC [residual functional capacity].  For the following reasons, I find merit in Plaintiff's first and third claims and recommend that the case be reversed and remanded for further consideration.

By her first claim, Plaintiff argues that her VA disability rating is entitled to great weight and the ALJ erred in discounting it on grounds that it does not correlate with the disability evaluation process of the Social Security Administration ("SSA").  She also argues that the ALJ erred in finding that the VA disability rating was in reference to her inability to be fit for duty.  (Doc. 12 at 20-21).  On her third claim, Plaintiff argues that the ALJ should have made a function by function analysis of the limiting effects of her well-documented migraine headaches, and, absent such, the RFC analysis is incomplete.  (Doc. 12 at 24-29).

In response to the first claim, the Commissioner urges that after acknowledging the VA disability rating, the ALJ properly discounted the same upon a review of the medical evidence from the VA and other sources.  Because the VA's disability determination is dissimilar to the definition of disability for SSA disability claims, the Commissioner contends that the VA disability rating is not controlling.  (Doc. 13 at 4-12).  On the third claim, the Commissioner urges that the ALJ credited Plaintiff's migraine headaches as a severe impairment and incorporated all reasonable limitations into the RFC assessment.  While the treatment records reflect care for migraine headaches, the Commissioner contends that Plaintiff does not demonstrate additional functional limitations from the condition that the ALJ should have included in his assessment of her functional capacity.  (Doc. 13 at 14-15).

In reply, Plaintiff argues that the ALJ's reasons for rejecting the VA disability rating, i.e., because he found it to be of "limited relevance" and that VA's evaluation process for disability does "not correlate" to the SSA's disability evaluation process, are insufficient.[1] Plaintiff also argues that the ALJ was incorrect in describing her 100% VA disability rating as a determination that pertained only to her inability to be "fit for duty" and not her ability to return to civilian work. As for her migraine headaches, Plaintiff stands by the arguments she made previously. (Doc. 16).

Here, the record reflects that the VA notified Plaintiff in June 2009 that she had a combined service connected disability rating of 100%. (R. 446-47).[2] In this circuit, case law holds that while a VA rating is not binding on the Commissioner, it is evidence that should be given great weight. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (quoting *Olson*, 663 F.2d 593); *see also* 20 C.F.R. § 404.1504. If the ALJ rejects the VA's rating, the ALJ should state the reasons for doing so to allow for a reasoned review by the court. *Cronin v. Comm'r of Soc. Sec.*, No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 2012) (citing *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998)). This court has also found that "ALJ's perfunctory rejection of the VA disability rating as based on different criteria from the Social Security disability determinations does not indicate that he accorded it great weight as required by the case law." *Hogard*, 733 F. Supp. at 1469.

---

[1] In support, Plaintiff cites *Olson v. Schweiker*, 663 F.2d 593, 597 n.4 (5th Cir. 1981); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A 1981); and *Hogard v. Sullivan*, 733 F. Supp. 1465, 1468 (M.D. Fla. 1990). (Doc. 16 at 1-2).

[2] The notice lists fourteen medical conditions for which some percentage of disability is rated. (R. 446).

7

Here, the ALJ first addressed the VA disability rating in his review of the medical evidence, noting that "the claimant was declared by the Department of Veterans Affairs to have a combined service connected disability rating of 100%. Significant conditions included a 60% rating for urinary incontinence secondary to the use of morphine, 40% for lumbar degenerative joint disease, 30% for migraines, and 20% for cervical degenerative joint and disc disease. (Exhibit 13F)." (R. 46). The decision also reflects a couple of conclusions made by the ALJ in discounting this VA disability rating. Thus, as part of his credibility finding, the ALJ stated that although the VA had given Plaintiff a 60% disability rating due to urinary incontinence, "[t]here is no evidence in the voluminous records . . . that shows the claimant sought treatment, particularly from an urologist, in 2009 or 2010 for incontinence." (R. 48). This statement is not disputed by the Plaintiff and clearly offers a basis to discount the VA disability rating. However, in directly confronting the VA opinion, the ALJ concluded that:

> The VA finding of disability in Exhibit 13F is not binding on the Social Security Administration's determination (20 CFR 404.1504). While I have evaluated the VA finding in accordance with the Regulations, I am mindful that the requirements for a finding of disability under the VA do not correlate with the requirements for disability under the Social Security Regulations. Therefore, the VA's determination is of limited relevance. I have considered its purpose in providing a history of the claimant's alleged impairments and how those impairments may have affected the claimant's ability to work as an officer in the Air Force. However, it should be noted that there is a difference between being found fit for duty and being found disabled. The results of the claimant's physical evaluation found in Exhibit l8E are of little relevance because it is not necessary to pass a physical fitness test to be considered employable as a civilian.

(R. 49).

8

I find three aspects of this conclusion troubling. First, the ALJ's statements do not reflect that the ALJ gave great weight to the VA disability rating at any point in the evaluation. *See Brady*, 724 F.2d at 921(while VA's disability rating not binding, it is evidence that should be given great weight). Second, the conclusion reflects either (1) an incorrect statement of the standard applicable in this circuit to VA disability ratings, *or, at a minimum*, (2) that it is unclear whether it comports with the applicable standard for addressing VA disability ratings because the ALJ appears to have deemed the ratings "irrelevant" solely because the VA's disability criteria differs from the SSA. In either circumstance, a remand for further consideration is warranted. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987) ("[w]here we cannot determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the [Commissioner's] regulations as construed by this circuit, we cannot effectively perform our duty to ensure that the proper regulatory requirements were in fact applied[,]" and a remand for clarification is required). Finally, the ALJ's conclusion that the opinions set forth in an Air Force physical evaluation of Plaintiff, *see* Ex. 18E, ostensibly based on its medical records, were also of "little relevance" solely because they were rendered in a fitness for duty review, appears improper as well.

While I recognize that the decision otherwise reflects the ALJ's review of the medical evidence, including the objective evidence and his conclusion that such did not fully support Plaintiff's claims, particularly those related to incontinence and neck and back pain, these considerations do not appear to have played a role in his rejection of the VA rating and other VA opinions. And, while a remand may not change the result, for the reasons set forth above I am obliged to conclude that one is required in this case.

9

I also conclude that while Plaintiff's claim to greater limitations resulting from migraine headaches is not well demonstrated on this brief, Plaintiff is correct that the decision does not clearly reveal the ALJ's conclusions as to the functional import of the same. Absent some statement revealing the limitations or lack thereof arising from such condition, I am in doubt whether the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence. *See Gibson v. Heckler*, 779 F.2d 619, 622 (11th Cir. 1986) (failing to provide the reviewing court with a sufficient basis on which to determine that the correct legal principles have been followed or that substantial evidence exists mandates a reversal).

Here, the ALJ found at step two of the evaluation process that Plaintiff's migraine headaches constituted a severe impairment and thus significantly limited her ability to perform basic work activities (R. 44). *See* 20 C.F.R. § 404.1520(c) (defining severe impairment as one that significantly limits a claimant's physical or mental ability to do basic work activities). However, beyond that finding, there is no further indication by the ALJ as to limiting effects of the condition. Indeed, the only other mention of migraine headaches by the ALJ, apart from noting Plaintiff's complaints of the same and the VA rating of 30% attributed to the condition, was the fact that a treating doctor (Dr. Nickerson) noted Plaintiff's report that Treximet was "excellent" in relieving her headaches. (R. 45). Despite this notation, the medical record reveals continued complaints by Plaintiff of the condition and continuing treatment for the same well after she left Dr. Nickerson's care. By Plaintiff's account, she suffered three to five migraines each month, and even with her medication she was out of

commission for a day.[3]  Such a limitation would no doubt alter the vocational assessment and needs to be addressed by the ALJ.  Because it was not expressly mentioned by the ALJ, *see* (R. 48), and because of the dearth of discussion of the functional import of the condition, I am reluctant to infer from the ALJ's credibility finding that such was indeed considered by the ALJ and discounted as an overstatement by Plaintiff.  *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (providing that, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding).  In short, I do not believe the court should be left to speculate about the functional impact of Plaintiff's migraine headaches or whether such was fairly a part of the RFC assessment made by the ALJ.

Because remand is warranted on the grounds above, Plaintiff's second claim need not be addressed.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).

D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards, and I recommend that it be reversed and remanded for further proceedings before the Commissioner consistent with this Report and Recommendation.  I further recommend that the Clerk be directed to enter Judgment in favor

---

[3] I note here that Plaintiff complained of the side effects of other medication as well. While the ALJ noted the same, he did not expressly address the complaints.

of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

                                        Respectfully submitted this
                                        5th day of December 2012.

                                        THOMAS B. McCOUN III
                                        UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of Record